IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 5:22-CR-40 (MTT) |
| | ) |
| LAGARY WILLIAMS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### ORDER

Defendant Lagary Williams moves for severance and to continue his case to the next trial term.  Docs. 200; 242.  On October 18, 2022, the Court declared this case complex and specially set the case for trial beginning on July 17, 2023.  Doc. 147.  The only defendants who have not entered a guilty plea and whose cases are presently set for trial are Williams and Kimdra Wilkerson.  Both defendants were indicted on August 9, 2022.  Doc. 1.  Defendant Wilkerson had her arraignment in this Court on August 23, 2022, and her counsel is prepared for the July 17, 2023 trial.  Docs. 43; 218.  Defendant Williams had his arraignment in this Court on April 27, 2023.  Doc. 167.

It is a "'well-settled principle that it is preferred that persons who are charged together should also be tried together,' particularly in conspiracy cases." *United States v. Smith*, 918 F.2d 1551, 1559 (11th Cir. 1990) (citations omitted).  Federal Rule of Criminal Procedure 14(a) provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  "In considering a motion to sever, the district court must balance the prejudice that a defendant may suffer from a joint

trial, against the public's interest in judicial economy and efficiency." *United States v. Knowles*, 66 F.3d 1146, 1158 (11th Cir. 1995) (internal quotation marks and citation omitted).

The Eleventh Circuit has provided a two-part inquiry to determine whether severance should be granted. *United States v. Blankenship*, 382 F.3d 1110, 1122-23 (11th Cir. 2004) (citing *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993)). First, the court must determine if the defendant will indeed suffer prejudice from a joint trial. *Id.* at 1122. If so, then the court must determine whether severance is the proper remedy for that prejudice. *Id*. Severance is only required when a defendant "demonstrate[s] that a joint trial will result in specific and compelling prejudice to the conduct of his defense," which other curative measures cannot mitigate. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997) (citation omitted).

Because defendant Williams was arrested months after the other defendants in this case and his counsel has not had adequate time to prepare for trial, he will suffer prejudice from a joint trial and severance is the proper remedy for that prejudice. *Blankenship*, 382 F.3d at 1122-23. Therefore, his motion to sever (Doc. 200) is **GRANTED**.

Accordingly, defendant Williams' trial shall be continued. No prior continuances have been granted. Defendant Williams, by and through his counsel, moves to continue this case to the next trial term to provide additional time to prepare for trial. Doc. 242 ¶ 1. The government does not oppose the motion. *Id.* ¶ 2.

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court finds the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant

to a speedy trial. Accordingly, defendant Williams' motion to continue (Doc. 242) is **GRANTED**. The case is continued from the July term until the Court's trial term presently scheduled for **September 11, 2023**. The corresponding delay shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq*.

    **SO ORDERED**, this 10th day of July, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
